# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1832V

* * * * * * * * * * * * * * * * * * * * * * * * * *

BARRY LANFORD,

            Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

            Respondent.

Special Master Katherine E. Oler

Filed: March 6, 2020

Involuntary Dismissal; Failure to
Prosecute; Rule 21(b).

* * * * * * * * * * * * * * * * * * * * * * * * * *

## DECISION DISMISSING CASE FOR FAILURE TO PROSECUTE[1]

### I.      Procedural History

On November 29, 2018, Barry Lanford ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program (the "Vaccine Program")[2] alleging that the trivalent flu vaccination he received on November 29, 2015 caused him to develop dysautonomia. Pet. at 1, ECF No. 1. Due to a government shutdown and lack of responsiveness from Petitioner, an initial status conference could not be set up. *See* Initial Order, ECF No. 7. Petitioner's mother, Ms. Dianne Lanford ("Ms. Lanford") contacted my chambers to inform me that Petitioner would like for her to represent him. *See id.*

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On March 26, 2019, I issued an Initial Order instructing Petitioner to file a signed document allowing his mother, Ms. Lanford, to represent him, a status report addressing Petitioner's efforts to secure legal representation, all medical records dating back to three years prior to Petitioner's vaccination, and all subsequent records by May 24, 2019. ECF No. 7. Petitioner did not file these documents by the deadline.

On June 24, 2019, Petitioner signed a document stating he was "very sick" and did not "feel like participating in any conversations by phone or video" and gave his mother permission to represent him in this matter. ECF No. 9. On June 24, 2019, Ms. Lanford filed a letter that can be interpreted as a motion for an extension of time to secure legal representation. ECF No. 11. On June 25, 2019, I granted that request and issued an order for Petitioner to file another status report on his efforts to secure legal representation and his medical records by August 26, 2019. ECF No. 10. Petitioner did not file a status report or his medical records by this deadline.

After several failed attempts, on September 17, 2019, my chambers was able to contact Ms. Lanford, at which time she relayed that Petitioner no longer wished to pursue his claim. My law clerk emailed Ms. Lanford and Respondent to discuss options for the dismissal of this case. Respondent emailed Ms. Lanford a dismissal stipulation in October of 2019 and mailed a physical copy with a self-addressed stamped envelope on November 25, 2019.

My law clerk initiated several calls to Petitioner and Ms. Lanford regarding the dismissal stipulation. *See* Informal Communication Entry on 2/3/2020. Neither Petitioner nor Ms. Lanford called back or filed the dismissal stipulation.

On February 4, 2020, I issued an Order to Show Cause, in which Petitioner was again ordered to file a status report regarding his efforts to secure legal representation or the dismissal stipulation by March 4, 2020. ECF No. 15. I informed Petitioner that his failure to file the status report or dismissal stipulation would be interpreted as a failure to prosecute this claim and his petition would be dismissed. March 4, 2020 passed with no filings from Petitioner.

## II. Conclusion

Vaccine Rule 21(b)(1) provides that a "special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court." Since September 16, 2019, neither Petitioner nor Ms. Lanford have communicated with Respondent or my chambers regarding this petition. Petitioner was given ample opportunity to do so. Further, I have repeatedly ordered Petitioner to file his medical records and a status report confirming his efforts to secure legal representation. His failure to comply with my orders leads me to conclude that he is not interested in prosecuting his claim.

As such, **IT IS ORDERED THAT**,

The petition is hereby **DISMISSED** for failure of the petitioner to prosecute.

A copy of this Decision shall be sent to Petitioner by regular first-class mail as well as certified mail at the following address:

**Barry Lanford**
**358 Milhaven Dr.**
**Spartanburg, SC 29301**

Any questions regarding this Decision may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

_____
Katherine E. Oler
Special Master